FILED

November 22, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:30 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Joshua T. King | ) | Docket No.  2015-03-0886 |
| | ) | |
| v. | ) | State File No. 95439-2015 |
| | ) | |
| Compass Heating and Air, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

### Affirmed and Remanded—Filed November 22, 2016

---

This interlocutory appeal involves an HVAC installer who alleges suffering a hernia while he was assisting in the installation of an air conditioning unit in the attic of an unfinished house. The employer denied the claim, taking the position that the employee could not establish a compensable injury. Following an expedited hearing, the trial court found the employee was likely to succeed at trial and awarded medical benefits in the form of a panel of physicians. The trial court also awarded temporary partial disability benefits. The employer has appealed the award of temporary partial disability benefits. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Joseph Ballard, Atlanta, Georgia, for the employer-appellant, Compass Heating and Air

Martin Ellis, Knoxville, Tennessee, for the employee-appellee, Joshua T. King

1

**Memorandum Opinion[1]**

Joshua King ("Employee"), an HVAC installer, alleges suffering a hernia arising out of and occurring in the course of his employment with Compass Heating and Air ("Employer"). Employee was assisting in the installation of an air conditioning unit that weighed approximately two hundred pounds and, upon maneuvering the unit into the attic of a house under construction, felt a sharp pain followed by the appearance of a bulge in his groin. He informed Employer of the injury, sought emergency medical care within a few days of the injury, and was diagnosed with an acute inguinal hernia. Employee has received no treatment for his injury other than his initial visit to the emergency room and a visit to a walk-in clinic where Employer sent him.

It is undisputed that the emergency room physician who treated Employee placed him on lifting restrictions. Employee testified that when he contacted Employer about his restrictions, he was told there was no light duty work available for him. Employer did not refute this testimony. Employee has not returned to work for Employer since the date of his injury. He did, however, work for a period of time washing dishes at a restaurant, though he did not provide specific dates of that employment.

After conducting an expedited hearing, the trial court concluded that Employee was likely to prevail at trial and ordered Employer to provide medical benefits in the form of a panel of physicians. The trial court also awarded temporary partial disability benefits from the last day Employee worked for Employer to the present and ongoing, taking into consideration the time he worked in the restaurant for another employer. On appeal, Employer disputes only the portion of the trial court's order requiring it to pay temporary partial disability benefits.[2]

An injured worker is eligible for temporary disability benefits if (1) the worker became disabled from working due to a compensable injury, (2) there is a causal connection between the injury and the inability to work, and (3) the worker established the duration of the period of disability. *James v. Landair Transp., Inc.*, No. 2015-02-0024, 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at *16 (Tenn. Workers' Comp. App. Bd. Aug. 26, 2015). Temporary partial disability benefits may be awarded when the temporary disability resulting from a work-related injury is not total, and such entitlement exists for the "time, if any, during which the injured employee is able to resume some

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Because neither party has raised on appeal the issue of the trial court's award of medical benefits, we need not address that portion of the court's order or discuss the proof pertinent to that issue.

gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at \*6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

As noted, the trial court awarded temporary partial disability benefits from the last day Employee worked to the present and ongoing, "taking into consideration his brief period of employment" in the restaurant. Employer contends that the trial court's award was error because Employee did not provide the specific dates he worked at the restaurant. Employee attempts to address this argument by attaching to his brief a document purporting to show the dates of that employment.

There are two problems with Employee's belated effort to supply the dates he worked at the restaurant. First, just as an assertion of fact in a party's brief may not be considered as evidence on appeal, *Rezba v. Rezba*, No. M2014-00553-COA-R3-CV, 2015 Tenn. App. LEXIS 7, at \*7 (Tenn. Ct. App. Jan. 7, 2015), documents not included in the record attached to a brief will not be considered by courts on appeal, *State v. Anderson*, No. W2008-00188-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 306, at \*56-57 (Tenn. Crim. App. Apr. 9, 2010). Second, as we have noted many times, "[e]valuating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at \*13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, "we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.*

Although we have disregarded the information attached to Employee's brief because it is not part of the record, Employer's argument that the trial court erred in awarding temporary disability benefits is unpersuasive. The trial court ordered Employer to pay such benefits from the last day Employee worked for Employer to the present and ongoing, acknowledging there exists a period of time during which Employee was working for another employer that must be taken into consideration. It is undisputed that Employee worked for the other employer, and we agree with the trial court's implicit finding it is likely he can establish the dates of that employment at trial in the event the parties cannot agree on those dates and the wages received during those dates.

We hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

**FILED**

**November 22, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:30 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Joshua T. King | ) | Docket No.  2015-03-0886 |
| | ) | |
| v. | ) | State File No.  95439-2015 |
| | ) | |
| Compass Heating and Air, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Martin Ellis** | | | | | X | mellis@ellisandellislaw.com |
| **Joseph W. Ballard** | | | | | X | joseph.ballard@thehartford.com |
| **Pamela B. Johnson, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov